Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

FILE

2012 JAN 10 PM 4: 00

Superior Court of Guam

FRANK E. PANGELINAN,

           Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, AS AN INSTRUMENTALITY OF THE GOVERNMENT OF GUAM,

           Defendant.

CIVIL CASE NO. CV0187-06

DECISION AND ORDER
ON PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, on the plaintiff's motion for appointment of counsel. Assistant Attorney General William C. Bischoff represented the Department of Corrections. Plaintiff appeared pro se. After consideration of the parties' arguments the Court now issues its Decision and Order.

## FACTUAL HISTORY

Plaintiff is an inmate at the Guam Department of Corrections ("DOC"). Plaintiff filed a complaint on February 23, 2006 initiating this action alleging negligence by DOC in overseeing and protecting inmates. Currently, the plaintiff is apparently classified as a "maximum custody" inmate and because of this classification, the plaintiff is not allowed physical access to DOC's law library to conduct research. Moreover, plaintiff alleges that DOC does not provide legal assistance to inmates from persons trained in the law. Due to plaintiff's limited knowledge of the law and his lack of access to legal research materials, plaintiff filed the present motion requesting that this Court appoint counsel to assist plaintiff in prosecuting his civil action.

1

## DISCUSSION

The issue presented here is whether an indigent prisoner who has successfully filed a civil claim, but lacks physical access to a law library should be appointed counsel to assist in the prosecution of the civil action? This Court finds that Guam law does not grant the trial court authority to appoint counsel to assist a prisoner under these circumstances.

Guam Miscellaneous Rule 1.1.1(B) allows a trial court to appoint counsel for a pro se plaintiff only under specific circumstances:

> B. Discretionary. The court may appoint counsel for a person who is financially unable to obtain representation who is:
>
> 1. charged with civil or criminal contempt and facing loss of liberty;
>
> 2. seeking collateral relief from a judgment in a criminal matter; or,
>
> 3. a person whose rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel.

MR 1.1.1(B). Here, plaintiff is not charged with contempt nor is he seeking collateral relief from a judgment in a criminal matter. Therefore, this Court may only appoint counsel if plaintiff's constitutional rights could be substantially infringed without assistance from someone trained in the law. Given his circumstances, plaintiff apparently argues that he has a constitutional right to access to the courts to prosecute his civil action and that this right will be infringed if this court does not appoint an attorney to assist plaintiff. Despite plaintiff's unique circumstances, this court finds that plaintiff's right to access to the courts has been adequately protected, that plaintiff is not entitled to appointed counsel, and that MR 1.1.1(B) does not grant this court discretion to appoint counsel in this case.

It is well settled that incarcerated individuals have a constitutional right to meaningful access to the courts. See generally Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828, 97 S.Ct. at 1498 (1977). However, it is also accepted that the right of access to the courts is narrow in

scope and does not extend to enabling prisoners to litigate their claims with maximum effectiveness once in court. See Lewis v. Casey, 518 U.S. at 534, 360 116 S.Ct. 2174, 2184 (explaining that constitutional concerns are satisfied so long as prisoners receive "the minimal help necessary" to present their legal claims to the courts).

Simply put, there is no constitutional right to a free lawyer in a civil case. DesRosiers, 949 F.2d at 23; see also Knop v. Johnson, 977 F.2d 996, 1009 (6th Cir. 1992) ("if the ordinary law-abiding Michigander has no constitutional right of access to the public purse for legal assistance on claims involving such things as domestic relations, personal injury, deportation, workers compensation, social security, detainer, wills and estates, and taxation, it does not seem to us that such a constitutional right springs into existence by virtue of the needy person's having been convicted of a crime and sentenced to prison"). In the civil context, the right to affirmative assistance is limited to matters involving civil rights and habeas corpus complaints. Ward v. Kort, 762 F.2d 856, 860-61 (10th Cir.1985); see also DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Even where a prisoner is entitled to affirmative assistance in filing meaningful legal papers, this right extends "only during the pleading stage . . . ." Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995); Lewis v. Casey, 518 U.S. 343, 360, 2184 ("the Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts"); see generally, Bounds, 430 U.S. 817 (emphasizing the importance of allowing a prisoner to present "claims" and "petitions"). Indigent persons receive meaningful access to the courts when they are provided sufficient assistance that "will enable them to research the law and determine what facts may be necessary to state a cause of action." Hossman v. Spradlin, 812 F.2d 1019, 1021 (7th Cir. 1987).

In the present case, neither the nature of plaintiff's complaint nor the stage of the proceedings raises a constitutional concern entitling him to affirmative assistance by the state in maintaining his civil negligence action. Plaintiff's complaint contains allegations in support of a negligence cause of action under Guam law and does not relate to either a civil rights claim or a habeas petition. Moreover, even if the plaintiff's allegations were of a type that entitled him to assistance, his legal action is beyond the pleading stage and thus any constitutional right to access to the courts has been satisfied. Plaintiff properly filed a

3

ORIGINAL

complaint alleging negligence. Moreover, the plaintiff successfully defended against a motion to dismiss that complaint. Plaintiff has presented his claim to this court, his constitutional right to access appears to be secure, and there is no basis under the Guam Rules upon which this court may appoint counsel. Moreover, even if this court were authorized to appoint counsel, this court does not believe that plaintiff's cause of action alleging inadequate protection of inmates by prison guards warrants appointment of counsel at the state's expense.

## CONCLUSION

Because plaintiff's constitutional rights are not infringed by the absence of appointed counsel this Court does not have the discretionary authority under MR 1.1.1(B) to appoint counsel to assist in prosecuting Plaintiff's civil action. Based on the foregoing, Plaintiff's motion for appointment of counsel is DENIED. A Scheduling Conference is set for March 5, 2012 at 3:00 p.m.

JAN 0 9 2012

So **ORDERED** this 9th day of January, 2012.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 1 0 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

4